# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# NORTHERN DIVISION

| | |
|---|---|
| PETER SOCHA, | ) |
| Petitioner, | ) |
| v. | ) No. 2:19-cv-62-SRC |
| DEAN MINOR, | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER FOR PETITIONER TO SHOW CAUSE

This matter is before the Court upon petitioner Peter Socha's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254. Because the petition appears to be time-barred, the Court will order petitioner to show cause why it should not be dismissed.

Petitioner is presently incarcerated at the Moberly Correctional Center. On February 18, 2016, he entered an Alford plea in the 12th Judicial Circuit Court of Warren County, Missouri to multiple counts of second-degree statutory sodomy and second-degree statutory rape, and one count of supplying liquor to a minor. *State v. Peter Socha,* No. 14BB-CR00714-01 (12th Jud. Cir. 2016). On March 25, 2016 he was sentenced to an aggregate term of imprisonment of 21 years. He did not seek direct review.

On May 23, 2016, petitioner filed a motion for post-conviction relief. *Peter Socha v. State,* No. 16BB-CC00037 (12th Jud. Cir. 2016). The motion was denied, and petitioner appealed. The Missouri Court of Appeals for the Eastern District of Missouri affirmed the motion court's decision, and issued its mandate on June 7, 2018. *Peter Socha v. State*, No. ED105136 (Mo. Ct. App. 2018).

Petitioner signed the instant petition on July 25, 2019 and it was docketed in this Court on July 30, 2019. Applying the prison mailbox rule, *Nichols v. Bowersox*, 172 F.3d 1068, 1077 (8th Cir. 1999), abrogated on other grounds by *Riddle v. Kemna*, 523 F.3d 850 (8th Cir. 2008), and giving petitioner the benefit of the doubt, *Beery v. Ault*, 312 F.3d 948, 950 (8th Cir. 2002), the Court determines the instant petition to have been filed on July 25, 2019, the date petitioner avers he signed and mailed it.

Under 28 U.S.C. § 2244(d):

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

In Missouri criminal cases, a judgment becomes final when sentence is imposed, *State v. Larson*, 79 S.W.3d 891, 893 (Mo. 2002) (en banc), and a notice of appeal must be filed not later than ten days thereafter. Mo. Sup. Ct. R. 81.04 (notice of appeal must be filed not later than ten days after the judgment appealed from becomes final). As such, petitioner had ten days from

March 25, 2016, the date sentence was imposed, to seek direct review of his sentence. Because petitioner did not seek direct review, judgment became final for purposes of the federal habeas statute on April 4, 2016, the date upon which the time for seeking such review expired. 28 U.S.C. § 2244(d)(1)(A). Accordingly, the one-year limitation period began to run on that date. However, petitioner did not file the instant petition until July 25, 2019, more than three years thereafter.

Under 28 U.S.C. § 2244(d)(2), the one-year limitation period for filing a federal habeas petition is tolled while "a properly filed application for State post-conviction or other collateral review ... is pending." *Williams v. Bruton*, 299 F.3d 981, 982 (8th Cir. 2002). The pendency of post-conviction review includes the time between the motion court's denial of post-conviction relief and the filing of an appeal from the denial, *Beery v. Ault*, 312 F.3d 948, 950 (8th Cir. 2002); and the time during the appeal process through and including the date upon which the court of appeals issues its mandate. *Payne v. Kemna*, 441 F.3d 570, 572 (8th Cir. 2006). The ninety days within which to file a petition for writ of certiorari to the United States Supreme Court after the denial of post-conviction relief is not tolled. *Lawrence v. Florida*, 549 U.S. 327 (2007); *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001). In this case, the one-year limitations period was tolled for 745 days, beginning on May 23, 2016 (the date petitioner filed a motion for post-conviction relief) until June 7, 2018 (the date the Missouri Court of Appeals issued its mandate after affirming the motion court's decision). Petitioner filed the instant petition 413 days after the conclusion of his state post-conviction proceedings.

The time between the date a judgment becomes final and the date an application for state collateral relief is filed counts against the one-year limitation period. *Bear v. Fayram*, 650 F.3d 1120, 1125 (8th Cir. 2011). Therefore, tolling is not warranted for the 49 days between April 4,

2016 (the date judgment became final) and May 23, 2016 (the date petitioner filed his motion for post-conviction relief). Totaling this 49-day period with the 413-day period that elapsed after the conclusion of collateral review, the sum of 462 days elapsed prior to the filing of the instant petition. It therefore appears the petition is time-barred, and the Court will order petitioner to show cause why it should not be dismissed as such. *See Day v. McDonough*, 126 S. Ct. 1675, 1684 (2006) (district court must give notice to petitioner before *sua sponte* dismissing petition as time-barred).

Accordingly,

**IT IS HEREBY ORDERED** that petitioner shall show cause, in writing and **no later than thirty (30) days from the date of this order**, why his petition should not be dismissed as time-barred.

**Petitioner's failure to timely comply with this order shall result in the dismissal of this action, without prejudice and without further notice.**

Dated this 5th day of September, 2019.

_SLR.CR_

STEPHEN R. CLARK
UNITED STATES DISTRICT JUDGE