UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | | |
|---|---|---|
| PETER SOCHA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:19-cv-00062-SRC |
| | ) | |
| DEAN MINOR, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon Petitioner's response to the Court's September 5, 2019 Order directing him to show cause why his petition for writ of habeas corpus should not be dismissed as untimely. Having reviewed and considered Petitioner's response, the Court has decided to dismiss the petition without further proceedings.

**Background**

As set forth in detail in the Court's September 5, 2019 Order, Petitioner filed the instant petition after the expiration of the applicable limitations period set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Following is a brief summary of the relevant events. On February 18, 2016, Petitioner entered an Alford plea in Missouri state court, and on March 25, 2016 he was sentenced to an aggregate term of 21 years imprisonment. He did not seek direct review, and judgment therefore became final on April 4, 2016. He filed a motion for post-conviction relief on May 23, 2016. The motion court denied the motion, and Petitioner appealed. The Missouri Court of Appeals affirmed the motion court's decision, and issued its mandate on June 7, 2018. Petitioner filed the instant petition on July 25, 2019, 413 days later. Totaling that

1

413-day period with the 49-day period that elapsed between the date the judgment became final and the date Petitioner filed the motion for post-conviction relief, the sum of 462 days elapsed before Petitioner filed the instant petition.

In the response now before the Court, Petitioner does not contend that his petition is timely. Instead, he can be understood to argue that he is entitled to equitable relief due to the ineffective assistance of both his trial attorney and his "appellate attorney." Plaintiff identifies his "appellate attorney" as Mr. Grothoff.[1]

In support, Petitioner claims he pled guilty because his trial attorney told him it was too late to go to trial. He also claims trial counsel withheld files from Mr. Grothoff, which prevented Mr. Grothoff from raising a meritorious competency claim on post-conviction review. Review of Petitioner's response and the attachments thereto shows that during Petitioner's post-conviction proceedings, Mr. Grothoff filed a statement advising the motion court that he did not intend to file an amended Rule 24.035 motion because there were no potentially meritorious claims that were omitted from Petitioner's pro se Rule 24.035 motion. Petitioner claims this amounted to ineffective assistance of counsel.

Petitioner argues that, had trial counsel not withheld the files, Mr. Grothoff "would have been able to submit the issues on appeal that Petitioner should have had a competency hearing, the outcome of the trial would have been different in that Petitioner would not have pled guilty, nor coerced by his counsel to plead guilty." (ECF No. 8 at 2-3). Petitioner also asserts that Mr. Grothoff

---

[1] As noted above, Petitioner did not seek direct review. According to Missouri Case.net, Attorney Mark Grothoff represented Petitioner during his state post-conviction proceedings. It is therefore clear that when Petitioner uses the term "appellate attorney," he is actually referring to his post-conviction attorney. The Court will refer to Petitioner's post-conviction attorney as "Mr. Grothoff."

misinformed him about how much time he had to file documents in his post-conviction proceedings. Petitioner argues that if Mr. Grothoff had raised the competency claim on post-conviction review, Petitioner "would not be time barred, the court would have found his counsel ineffective and Petitioner would have been able to successfully advance his appeal hereto, as well as finding trial court error for failing to stop the proceedings and order a competency hearing to determine defendant's ability to stand trial in accordance to the applicable statutes." *Id.* at 4-5.

## Discussion

Under the AEDPA, a one-year limitations period applies to petitions filed pursuant to § 2254. 28 U.S.C. § 2244(d)(1)(A). Section 2244(d) is not a jurisdictional bar, but rather is a statute of limitations subject to equitable tolling in appropriate circumstances. *Holland v. Florida*, 560 U.S. 631, 645 (2010); *see also Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001). A habeas Petitioner seeking equitable tolling bears the burden of establishing that he has been diligently pursuing his rights and some "extraordinary circumstance" beyond his control stood in his way and prevented timely filing, *Holland*, 560 U.S. at 649, or that government conduct "lulled" him into inaction. *U.S. v. Hernandez*, 436 F.3d 851, 858 (8th Cir. 2006). Equitable tolling is "an exceedingly narrow window of relief." *Jihad*, 267 F.3d at 805.

In the case at bar, Petitioner offers nothing tending to show he has been diligently pursuing his rights, and nothing in the record permits that conclusion. Even if Petitioner had so demonstrated, the circumstances he describes would not amount to "extraordinary circumstances" warranting equitable relief. Ineffective assistance of counsel is generally not considered an "extraordinary circumstance" warranting equitable relief, *Holland*, 560 U.S. at 655, and there is no basis here to depart from this general rule. First, there is no constitutional right to counsel in

3

seeking state post-conviction relief. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Also, Petitioner does not describe the sort of conduct that has been found to amount to "egregious attorney misconduct" warranting equitable relief. *See U.S. v. Martin,* 408 F.3d 1089, 1093 (8th Cir. 2005) (describing deliberate misrepresentations and attempts to mislead a client that affected the filing of a habeas petition as "egregious attorney misconduct" warranting equitable relief). Petitioner also fails to explain how trial counsel's coercion of an Alford plea or either attorney's error leading to the abandonment of a claim or delay during post-conviction review accounts for the passage of time between the end of post-conviction appellate review and the date Petitioner filed the instant petition. It therefore cannot be said that Petitioner has established that an extraordinary circumstance beyond his control stood in his way and prevented timely filing. Finally, Petitioner does not allege, nor does the record suggest, that the state lulled him into inaction, and it cannot be said that the instant petition's tardiness is attributable to the state. *See Holland*, 560 U.S. at 656 (the mistakes of counsel are constructively attributed to his client, at least in the post-conviction context). The burden of demonstrating grounds warranting equitable tolling rests with the Petitioner. *Earl v. Fabian,* 556 F.3d 717, 722 (8th Cir. 2009) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

For the foregoing reasons, the Court concludes that the instant petition is untimely, and that Petitioner has alleged no proper grounds for equitable relief. The Court will therefore dismiss the petition without further proceedings.

The Court has considered whether to issue a certificate of appealability. To do so, the Court must find a substantial showing of the denial of a federal constitutional right. *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). A substantial showing is a showing that issues are

4

debatable among reasonable jurists, a Court could resolve the issues differently, or the issues deserve further proceedings. *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (citing *Flieger v. Delo*, 16 F.3d 878, 882–83 (8th Cir. 1994)). Because Petitioner has made no such showing, the Court will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Peter Socha's petition for writ of habeas corpus is **DISMISSED**. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that Petitioner's motion to appoint counsel (ECF No. 3) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

Dated this 23rd day of October, 2019.

                                                                        _SL R. CR_
                                                                        STEPHEN R. CLARK
                                                                        UNITED STATES DISTRICT JUDGE